IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY KOPCHAK, *ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED*, | : <br> : <br> :   CIVIL ACTION <br> : |
| Plaintiff, | : <br> : |
| v. | :   No. 13-5884 |
| UNITED RESOURCE SYSTEMS, et al., | : <br> : <br> : |
| Defendants. | : |

## PRELIMINARY APPROVAL ORDER

**AND NOW,** this 4th day of August, 2016, upon consideration of the parties' "Joint Motion for an Order Conditionally Certifying the Class, and Granting Preliminary Approval of the Class Settlement Agreement" (Doc. No. 36), and following a preliminary fairness hearing on February 26, 2016, and for the reasons set forth in this Court's accompanying Memorandum Opinion, I find as follows:

A. The proposed "Settlement Class" is so numerous that joinder is impracticable;

B. There are questions of both law and fact common to the proposed Settlement Class;

C. The individual claims of Plaintiff are typical of the claims of the Settlement Class;

D. Plaintiff is an appropriate and adequate representative of the Settlement Class;

E. The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual Class Members ("Claimants");

F. A class action is a superior method of adjudication to fairly and efficiently settle this controversy;

G. With respect to appointment of Class Counsel under Federal Rule of Civil Procedure 23(g), the Court finds that, after consideration of the factors described in Rule 23(g)(1)(A), Plaintiff's counsel, Thomasson Law LLC and Kimmel & Silverman, P.C., will fairly and adequately represent the interests of the Settlement Class;

H. With respect to Plaintiff being designated as Class Representative, the Court does not observe any interests that appear antagonistic to those of the Class;

I. With respect to the proposed Settlement Agreement, after consideration of the Agreement, which is attached as "Exhibit A" to Doc. No. 36, the Court makes the preliminary finding, subject to a final fairness hearing, that the proposed settlement is fair, reasonable, and adequate; and,

J. With respect to the proposed Class Notice, the Court finds that it comports with both due process and the requirements of the Federal Rules of Civil Procedure.

**WHEREFORE**, it is hereby **ORDERED** that the parties' joint motion is **GRANTED** as follows:

1. Pursuant to Federal Rule of Civil Procedure 23(c)(1), the Court certifies this matter as a class action in accordance with Federal Rule of Civil Procedure 23(b)(3) and 23(c)(1)(B):

    a. The "Settlement Class" is defined as:

    > All consumers in the Commonwealth of Pennsylvania to whom URS mailed an initial communication in connection with its attempt to collect a debt, which failed to inform consumers they must dispute their debts *in writing* to be considered valid, during the period beginning October 4, 2012, and ending May 8, 2015.

    b. The "Class Claims" are defined as those claims arising from URS's collection letter attached as "Exhibit A" to Plaintiff's Complaint (Doc. No. 1), wherein URS sent consumers initial collection letters which failed to inform them that they must

dispute their debts *in writing* to be considered valid, in violation of 15 U.S.C. § 1692g(a)(4);

   c. Named Plaintiff, Kimberly Kopchak, is appointed as Class Representative;

   d. The law firms of Thomasson Law LLC and Kimmel & Silverman, P.C. are appointed as Class Counsel.

   e. Both the Class Representative and Class Counsel must fairly and adequately protect the interests of the Settlement Class;

2. The Court approves the parties' proposed Class Notice and directs that it be mailed to the last known address of the Settlement Class Members as shown in URS's business records. Plaintiff shall cause the Class Notice to be mailed to Settlement Class Members on or before **August 31, 2016**. Plaintiff shall have the Class Notice sent by any form of U.S. Mail that provides address forwarding.

3. The Court finds that the mailing of the Class Notice, and the parties' notice plan, is the only notice required, and such notice satisfies the requirements of due process and the United States Constitution, the Federal Rules of Civil Procedure, including Rule 23, and any other applicable law.

4. Settlement Class Members will have until **October 17, 2016**, to exclude themselves from, or object to, the proposed Settlement. Any Settlement Class Members desiring to exclude themselves from this action must serve copies of the request on the Class Administrator. To be effective, any Settlement Class Member's request for exclusion *or* objection must be postmarked by **October 17, 2016.**

5. Any Settlement Class Member who wishes to object to the Settlement must submit an objection *in writing* to the Clerk of Court for the United States District Court for the

Eastern District of Pennsylvania, and serve copies of his or her objection(s) on the Class Administrator by **October 17, 2016**. All objections must be in writing, personally signed by the Settlement Class Member, and include: (1) the objector's name, address, telephone number, and the last four digits of his or her Social Security Number; (2) a sentence stating that to the best of his or her knowledge, s/he is a Member of the Settlement Class; (3) the name and number of the case: Kopchak v. United Resource Systems, et al., Dkt. 13-cv-5884-MSG; (4) the factual basis and legal grounds for the objection to the Settlement; (5) the identity of any witnesses whom the objector may call to testify at the Final Fairness Hearing; and (6) copies of any exhibits that the objector may seek to offer into evidence at the Final Fairness Hearing. The objection must also indicate whether the Settlement Class Member and/or his or her lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing must also enter a written Notice of Appearance of Counsel with the Clerk of Court no later than **October 17, 2016**, and shall include the full caption and case number of each previous class action in which that lawyer(s) has represented an objector.

6. If not already filed, URS shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

7. A Final Fairness Hearing to assess the fairness, adequacy, and reasonableness of the Settlement Agreement, and whether final approval shall be granted to it and the requests for fees and expenses by Class Counsel, will be held on **Thursday, November 17, 2016** at **2:30 p.m.** in Courtroom **4B** of the United States Courthouse, 601 Market Street, Philadelphia, PA 19106.

BY THE COURT:

/s/ Mitchell S. Goldberg
_____
**MITCHELL S. GOLDBERG, J.**