**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KIMBERLY KOPCHAK, on behalf of herself & all others similarly situated, | : : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| vs. | : : | NO. 5:13-cv-05884-MSG |
| UNITED RESOURCE SYSTEMS, *et al.*, | : : | |
| Defendants. | : : | |

**NOTICE OF CONSENT MOTION AND MOTION FOR FINAL APPROVAL**
**OF CLASS SETTLEMENT AGREEMENT AND RELEASE**

PLEASE TAKE NOTICE THAT, in accordance with Order Preliminarily Certifying Class Action [Doc. 37], Plaintiff, Kimberly Kopchak, by and through her undersigned counsel, and on consent of Defendant, United Resource Systems ("URS"), will move this Honorable Court, on November 17, 2015, at 2:30 p.m., in Courtroom 4B, at the United States Court for the Eastern District of Pennsylvania, which is located at 601 Market Street, Philadelphia, Pennsylvania 19106, for an Order certifying this case to proceed as a class action and granting final approval of the Parties' class settlement agreement.

Specifically, Plaintiff will move this Court pursuant to Fed. R. Civ. P. 23 for an Order certifying this case to proceed as a class action, and granting final approval of the settlement, on behalf of the following class:

> All consumers in the Commonwealth of Pennsylvania to whom URS mailed an initial written communication in connection with its attempt to collect a debt, which failed to inform consumers they must dispute their debts *in writing* to be considered valid, during the period beginning October 4, 2012, and ending May 8, 2015.

In support of her motion, Plaintiff respectfully states the following:

1.       On October 4, 2013, Plaintiff filed this class action lawsuit, which alleged URS violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by mailing consumers initial collection letters, in the form attached as Exhibit A to Plaintiff's Complaint, which failed to inform consumers they must dispute their debts in writing to be considered valid. [Doc. 1]. The Complaint alleges that URS's omission of the "in writing" verbiage violated 15 U.S.C. § 1692g(a)(4). *Id.*

2.       On August 4, 2016, the Court entered an Order granting Preliminary Approval to the Parties' Class Settlement Agreement. [Doc. 44] (the "Order"). The Court's Order, and its accompanying Opinion [Doc. 43] specifically found that the proposed terms of the settlement satisfied all the elements of Federal Rule of Civil Procedure 23(a) and 23(b)(3), and preliminarily certified a defined class. *Id.* The Order further established a procedural framework for the final approval of the Settlement, and directed the Parties to implement the Court's Notice Plan for providing notice to members of the above defined Class, set deadlines and procedures for Class Members to request exclusion from or to object to the Settlement, and set a date and time for the final fairness hearing to approve the Settlement. (*See id.* ¶¶ 2-7).

3.       In accordance with the Order, notice of the Settlement was mailed on August 31, 2016 to the 718 Class Members identified by URS's business records.

4.       There are questions of law and fact common to the Class, which common issues predominate over any issues affecting only individual class members. The factual and legal issue common to Plaintiff and the Class is that URS mailed each of them a *standardized*, computer-generated, collection letter to collect a debt, which allegedly violated the FDCPA in the same uniform manner.

5.      There are no individual issues other than identifying the class members, which is a ministerial task URS has already accomplished through a review of its business records.

6.      The Plaintiff's claims are typical of those of the class members and all claims are based on substantially identical facts and the same legal theories.

7.      The Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under various consumer protection statutes such as the FDCPA, class actions, and other complex litigation. Neither Plaintiff nor her attorneys has any interests, which might cause them not to vigorously pursue this action.

8.      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

(a)      Congress specifically contemplated FDCPA class actions as a principal means of enforcing the Act. 15 U.S.C. §§ 1692k(a)(2)(B) and 1692k(b)(2);

(b)      Most class members are unaware of their rights and have no knowledge their rights were allegedly being violated by URS's alleged violative collection practices;

(c)      The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action are limited to a maximum recovery of *up to* $1,000.00; and

(d)      Management of this class action is likely to present significantly fewer difficulties than presented in many class claims, *e.g.*, securities fraud.

9.      The Plaintiff, on URS's consent, requests certification of a class action and final approval of the Parties' class settlement agreement pursuant to Rule 23(b)(3), including an award of Class Counsels' fees and costs in an amount to be determined by the Court at the fairness hearing. The grounds supporting class certification and final approval are further explained and supported by the accompanying Memorandum of Law, the Declarations of Joseph F. Mahan,

Andrew T. Thomasson, Craig Thor Kimmel, and Amy Lynn Bennecoff Ginsburg, the documents

and pleadings on file with the Court, and any oral argument the Court may entertain with respect

to this motion.

Respectfully submitted this 14th day of November 2016.

*s/ Andrew T. Thomasson*

Andrew T. Thomasson, Esq.
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
Facsimile:  (973) 532-0866
E-Mail: andrew@sternthomasson.com

Craig Thor Kimmel, Esq.
Amy Lynn Bennecoff Ginsburg, Esq.
KIMMEL & SILVERMAN, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile:  (855) 540-8817
E-Mail: kimmel@creditlaw.com
E-Mail: aginsburg@creditlaw.com

*Attorneys for Plaintiff, Kimberly Kopchak,*
*and all others similarly situated*